Daniel, J.
 

 In equity, -a wife may, by her next friend, sue her husband. And it is said, that, if a husband is a plaintiff in a suit in equity, and makes his wife a defendant, he is considered as thereby renouncing his marital right over her, and she is allowed to answer separately, without an order of' the court for the purpose. Calvert on Parties, 273. 1 Ba. A. C. 737. But this plaintiff is now tenant in common in possession in right of his wife. How can this court force her to make a conveyance of the legal title in fee to her husband? Although the wife, by her next friend, has not in this case made any resistance to the plaintiff’s claim, we do not see the mode in which we can, by a decree, carry into execution the prayer of the plaintiff against her. We must therefore dismiss the bill as to her, leaving the plaintiff or his heirs to seek a proper remedy against the wife or her heirs, when the relation of husband and wife shall have ceased by the death of one of them. We have examined the testimony taken in the ■cause, and it proves to our satisfaction the case .made by the bill, to wit, that the plaintiff purchased of Harper the said land, and paid the money, and that Cheek took the legal title by a conveyance from Harper, only to indemnify himself against any loss in his becoming the surety for the purchase money. There is, therefore, a resulting trust in favor of the plaintiff, and he has a right to call for the legal title, so far as the same is now in the other heirs of Cheek. From the necessity of the case, a decree must be made for a conveyance to the plaintiff from the other children of John Cheek, deceased, excluding the plaintiff’s wife. And, furthermore, he is entitled to a perpetual injunction, restraining the widow of Cheek from prosecuting her suit for dower in the said tract of land.
 

 Per Curiam, Decree accordingly.